IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY HARMON** | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPT. NISH, THE DISTRICT ATTORNEY OF** | : | |
| **PHILADELPHIA, and THE ATTORNEY GENERAL** | : | |
| **OF PENNSYLVANIA** | : | NO. 08-1866 |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                              **JULY 8, 2008**

Henry Harmon filed an all-inclusive habeas petition ("Petition 3") pursuant to 28 U.S.C. § 2254 to include all relevant causes of action after the United States District Court for the Middle District of Pennsylvania allowed him to withdraw C.A. 07-cv-4646 ("Petition 2"). Petition 3 attacked the same conviction and/or sentence attacked in C.A. 99-cv-3199 ("Petition 1"), an action dismissed after consideration of the merits. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. §§ 2241-2266, details the right of a person in state or federal custody to file a habeas petition in federal court for violation of rights guaranteed by the United States Constitution. AEDPA provides exclusive relief under 28 U.S.C. § 2254 for a petitioner raising a constitutional attack on a state conviction and/or a state sentence.

Petition 3 is a successive habeas petition: it attacks the conviction and/or sentence already attacked by Harmon in Petition 1. Before a successive habeas petition is filed in a district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals "may authorize the filing of the . . . successive application only if it presents a claim not previously

raised that satisfies one of the two grounds articulated in § 2244(b)(2)." Burton v. Stewart, 549 U.S. 147, 1_ _ (2007).  Congress enacted AEDPA's stringent procedural requirements to support the congressional policy of comity, federalism, finality of criminal prosecutions, and "to curb abusive habeas filings."  U.S. v. Bendolph, 409 F.3d 155, 162 (3d Cir. 2005).

In Petition 3, Harmon makes the following five arguments:

(1)  ineffective assistance of counsel;
(2)  his sentence was changed nine years after sentence was being served from a concurrent sentence to a consecutive sentence;
(3)  criminal interference by trial judge by changing court documents to state that sentence was consecutive rather than concurrent nine years after sentence was imposed on a claim of error in the original documents;
(4)  insufficient evidence connected with his 1996 criminal conviction for six counts of aggravated assault in the Philadelphia County Court of Common Pleas; and
(5)  Commonwealth failed to meet its burden of proof that plaintiff was guilty beyond a reasonable doubt.

Claim four was previously raised by Harmon in Petition 1 and would have been barred even if Harmon had made the requisite motion in the Third Circuit prior to filing Petition 3.[1]  28 U.S.C. § 2244(b)(1); Burton, 549 U.S. 147.  Claims one and five most likely do not satisfy "one of the two grounds articulated in § 2244(b)(2)" and would have been barred even if Harmon had made the requisite motion in the Third Circuit prior to filing Petition 3.  28 U.S.C. § 2244(b)(2); Burton, 549 U.S. 147, 1_ _.  Claims two and three may be based on facts that were not known to Harmon at the time that he filed Petition 1 and might satisfy "one of the two grounds articulated in § 2244(b)(2)," but a court of appeals must make this determination and can only do so if a petitioner moves for authorization in that court of appeals before filing his successive petition.

---

[1] Harmon made the following four arguments in Petition 1: (1) the state court's factual findings were erroneous and not supported by the record; (2) the prosecutor used her peremptory challenges in a racially discriminatory manner; (3) the jury's verdict was against the weight of the evidence; and (4) there was insufficient evidence to sustain the six counts of aggravated assault.

Burton, 549 U.S. 147, 1_ _.  Here, Harmon failed to seek or obtain authorization from the Third Circuit to file this successive petition (Petition 3).  Harmon's petition for habeas corpus relief under 28 U.S.C. § 2254 will be denied and dismissed without prejudice to petitioner's seeking leave to file this action from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY HARMON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPT. NISH, THE DISTRICT ATTORNEY OF** | : | |
| **PHILADELPHIA, and THE ATTORNEY GENERAL** | : | |
| **OF PENNSYLVANIA** | : | **NO. 08-1866** |

### ORDER

**AND NOW**, this 8th day of July 2008, upon consideration of the petition for writ of habeas corpus and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. Since petitioner has paid the requisite $5.00 filing fee twice, the Clerk of the United States District Court for the Eastern District of Pennsylvania shall issue a check for $5.00 to petitioner, and this check will be forwarded to petitioner in the same envelope as the instant Memorandum and Order.[1]

2. The petition for writ of habeas corpus (paper no. 3) is **DISMISSED** without prejudice to petitioner's seeking leave to file this action from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

3. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter **CLOSED** for all purposes, including statistics.

                                                           /s/ Norma L. Shapiro
                                                                    **S.J.**

---

[1] Petitioner originally filed this petition in the United States District Court for the Middle District of Pennsylvania, which transferred it to this court. Petitioner has paid the requisite filing fee in **both** the Middle District of Pennsylvania **and** the Eastern District of Pennsylvania.