IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY HARMON,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | |
| **JOSEPH P. NISH, THE DISTRICT** | : | |
| **ATTORNEY OF THE** | : | No. 08-1866 |
| **COUNTY OF PHILADELPHIA, and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA,** | : | |
| Respondents. | : | |

### MEMORANDUM AND ORDER

**Norma L. Shapiro, S.J.**                                                                                              February 21, 2013

Henry Harmon ("Harmon"), petitioning for writ of habeas corpus under 28 U.S.C. § 2254, alleges that: (1) his petition should be considered timely filed; and (2) his due process rights were violated when a clerical error was corrected to change his sentence from concurrent to consecutive.

### BACKGROUND

In 1996, Harmon was convicted of six counts of aggravated assault and one count of carrying a firearm in a public place. At the sentencing hearing, Judge Lineberger imposed a total of 24 to 48 years: two consecutive terms of 10 to 20 years imprisonment for two of the aggravated assaults, and four consecutive terms of one to two years imprisonment for the remaining aggravated assault convictions; he imposed no penalty for the firearm violation.[1] The commitment papers incorrectly listed the sentence as concurrent, with a resulting sentence of 10 to 20 years.

---

[1] Harmon was present at the December 9, 1996 sentencing hearing before Judge Lineberger. The Judge, imposing a sentence outside the guidelines range, clearly stated that all sentences were to imposed consecutively. He also stated, "[n]ow, the sum that I have just given [Harmon] is 24 to 48 years consecutive to anything that [he] might be serving now." *Commonwealth v. Harmon*, No. 1995-0801, at *23, 24 (Ct. Com. Pl. Phila. Dec. 9, 1996). The Judge further requested that the deputy, "[k]eep a running count of this. . . so that when I finish and you recapitulate, it will be no doubt in anybody's mind how much time he received." *Id.* at 24:13-16.

Harmon did not mention the sentencing discrepancy in his post-conviction motions, direct appeal, first habeas petition, or first Post-Conviction Relief Act ("PCRA") petition, all of which were denied.

In early 2004, the Department of Corrections notified Judge Lineberger of Harmon's eligibility for pre-release. On March 2, 2004, the trial court advised the Department of Corrections of the clerical error and explained that the sentence was actually consecutive, not concurrent; nine days later, on March 11, 2004, the Department of Corrections corrected Harmon's sentence status summary.

Harmon, for the first time contesting the sentencing discrepancy, filed a petition for a writ of mandamus on June 25, 2004 and second PCRA petition on October 22, 2004. Both petitions were denied. In December 2006, the state court dismissed petitioner's second PCRA petition as time barred. The Pennsylvania Superior Court affirmed. Harmon then filed two habeas petitions in the United States District Court for the Middle District of Pennsylvania; the Middle District transferred the petitions to the Eastern District, where they were dismissed as successive. *Harmon v. Nish*, No. 08-1866 (July 8, 2008). The Court of Appeals, disagreeing as to the successive nature of the petitions, held Harmon could not have raised the consecutive versus concurrent claim in his original habeas petition. *In re Harmon*, No. 08-3332 (3d Cir. 2008).

In April 2012, this court granted Harmon's motion to appoint counsel. Petitioner then filed this amended habeas petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. §§ 2241-2266, allows a person in state or federal custody to file a habeas petition in federal court. Under AEDPA, habeas corpus relief "is warranted when the state adjudication resulted in a

decision that was 'contrary to' or an 'unreasonable application of' clearly established federal law, as determined by the Supreme Court, . . . [or ] when the state adjudication resulted in a decision that was 'based on an unreasonable determination of the facts . . . .'" *Matteo v. Superintendent, SCI, Albion*, 171 F.3d 877, 887 (3d Cir. 1999) (citations omitted).  Harmon argues his due process rights were violated both when the clerical error was corrected and when, "the relevant state court decision [pertaining to the PCRA petition regarding his alleged "change" in sentence] was based on an unreasonable determination of the facts in light of evidence presented at the state court proceeding . . . ."

AEDPA provides a one-year time limit for filing a habeas petition.  The limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Harmon, recognizing that he does not satisfy any of AEDPA's four

prongs,[2] argues he is entitled to statutory and equitable tolling.

Pendency of Harmon's PCRA petition does not entitle him to statutory tolling. An untimely PCRA petition is not "properly filed" and does not toll the AEDPA time limit. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).[3] The state court's conclusion that the state filings were untimely cannot be reviewed by this court. *Pace* , 125 S.Ct. at 1814 (when a state court has ruled that a document was not properly filed, "that is the end of the matter"); *see also Fahy v. Horn,* 240 F.3d 239, 243 (3d Cir. 2001)(a federal habeas court must defer to the highest state court ruling on state law). Petitioner argues that this court should reconsider the state court ruling; he requests an evidentiary hearing to establish the exact date on which petitioner realized the viability of his claim (to sort out the resulting issues of timeliness). Amend. Pet. 7. There is no basis for an evidentiary hearing on this issue; the state court determined Harmon's PCRA petition was untimely, and this determination may not be altered by this court. The habeas petition will not be tolled by the PCRA petition because the PCRA petition was untimely.

"[E]quitable tolling is proper only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618

---

[2] Harmon's sentence became final on March 23, 1999 (90 days after the Pennsylvania Supreme Court denied allocatur); Harmon waited until 2007 to file the instant petition, so 28 U.S.C. § 2244(d)(1)(A) offers no support. Subsection (B) is unavailing because nothing impeded Harmon from filing a habeas application, as shown by his filing in 1999. Subsection (C) is inapplicable because no new constitutional rule applies to this action. Subsection (D) does not apply because, even assuming that Harmon could not have known about the sentencing discrepancy until March 2004 (the date on which the revision was made to the clerical error), he waited three years to file his habeas petition.

[3] Harmon's claim relating to the revision of the sentence arose in March 2004, at the time the revision was made. Harmon had knowledge of the actual length of his sentence for many years prior to the date of the formal revision; he mentioned his 24-48 year long sentence in: (1) his 1996 motion to modify his sentence; (2) the 1997 brief to the Pennsylvania Superior Court; (3) the 1998 petition for allowance of appeal to the Pennsylvania Supreme Court; (4) his first PCRA claims; and (5) in his first federal habeas petition. Most significantly, the transcript from Harmon's sentencing hearing makes the sentence unambiguously clear. In light of Harmon's knowledge of the trial judge's intended sentence, any claim relating to an alleged change of that sentence became viable as of the March 11, 2004 revision date.

(3d Cir. 1998) (internal citation and alterations omitted).  Generally, a petitioner must have "exercised reasonable diligence in investigating and bringing the claims." *Id.* 618-19 (internal citation and alteration omitted).  A gap of more than eight months between denial of a PCRA petition and the filing of a habeas petition is not the exercise of due diligence.  *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006).  Harmon filed the instant habeas petition:  (1) three years after receiving the corrected sentence summary sheet; (2) more than one year after his attorney issued a no-merit letter for his second PCRA petition; and (3) more than nine months after the PCRA court dismissed his second PCRA petition.  Harmon does not qualify for equitable tolling.

Were the court to consider Harmon's habeas petition timely, he would not be entitled to relief.  A petitioner does not have "a constitutionally protected liberty interest in a miscalculated release date." *Evans v. Sec'y Pa. Dep't of Corrs.*, 645 F.3d 650, 652 (3d Cir. 2011) (court found no violation of inmate's Fourteenth Amendment rights when Department of Corrections corrected an inmate's sentence status summary sheet almost eleven years after petitioner's conviction; inmate did not have a fundamental right to be released from prison on or about a certain date). "The deep disappointment which [a sentence] change no doubt engender[s] is certainly regrettable, but that does not make [a] correction conscience-shocking." *Id*. at 661.  A miscalculated release date is a "record-keeping mistake";  "not [to] minimize the magnitude of [a] record keeping mistake and communication blunders . . . , but time is a feature of a sentence of incarceration, not in itself a condition of confinement, and the passage of time in this case had no effect on the conditions [the petitioner] was required to endure." *Id*. at 661, 665-66.  Correcting a mistake does not violate a petitioner's procedural or substantive due process. *Id*. at 659-667.  Harmon's sentence was never changed from the sentence imposed; his liberty and due process

5

rights were not implicated when the clear clerical error on the sentence status summary was corrected to reflect the unambiguous sentence Judge Lineberger actually orally imposed.

Harmon's argument concerning the sufficiency of the evidence presented in state court (in determining the untimeliness of the second PCRA petition), amounts to an allegation of state law error only.  The claim fails to rise to a level of constitutional error; this court lacks jurisdiction to consider the claim.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)(in conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States; it is the not province of a federal habeas court to reexamine state questions).

## CONCLUSION

Harmon's sentence was not illegally amended; Harmon's liberty and due process rights were not implicated when his sentence status summary was corrected to reflect the sentence Judge Lineberger imposed.   Harmon's petition for habeas corpus is denied.  An appropriate order follows.